IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS A. CICARDO and
LORI L. CICARDO,

                                                                OPINION AND ORDER

                     Plaintiffs,

                                                                08-cv-606-bbc

     v.

EDWARD VAN DER MOLEN and
BRUCE BRYANT,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary relief in which plaintiffs Thomas and Lori Cicardo allege that defendants Edward Van Der Molen and Bruce Bryant breached the guaranties they made to plaintiffs by failing to pay the indebtedness on a promissory note after default. On December 12, 2008, plaintiffs filed a notice that defendant Van Der Molen had filed for bankruptcy. Dkt. #21. At a motion hearing on December 17, 2008, defendant Bryant confirmed that defendant Van Der Molen had filed for bankruptcy and that the case would continue against defendant Bryant. Dkt. #24. Jurisdiction is present. 28 U.S.C. § 1332.

      Before the court is plaintiffs' motion for summary judgment, dkt. #4, and motion for judicial notice, dkt. #47. I conclude that plaintiffs have proven that there are no genuine

1

issues of material fact and they are entitled to judgment as a matter of law on their breach of guaranty claim. Accordingly, plaintiffs' motion for summary judgment will be granted. Plaintiffs' motion for judicial notice, however, will be denied as unnecessary because I am granting their motion for summary judgment without considering the material that is the subject of their motion.

As an initial matter, I note that plaintiffs did not follow this court's summary judgment procedure when they filed their reply to defendant Bryant's response to plaintiffs' proposed findings of fact and response to defendant's additional proposed findings of fact. Plaintiffs were instructed to "include ALL factual propositions [they] consider[ed] necessary for judgment in [their] favor" in their initial proposed findings of facts. Procedure to be Followed on Motions for Summary Judgment, § I.B.3., dkt. #20 at 13. Several of plaintiffs' replies and responses are supported by citation to an affidavit that was not filed until after defendant Bryant filed his opposition materials. Sec. Lori Cicardo Aff., dkt. #45, Jan. 19, 2009.

The court's procedure gives the movant an opportunity to dispute any facts proposed by the nonmovant. It does not allow the movant to submit new proposed facts. Procedure, § III, dkt. #20 at 16. "A movant's response to the nonmovant's additional proposed findings of fact is not an opportunity to include facts previously overlooked." Taurus IP, LLC v. DaimlerChrysler Corp., 534 F. Supp. 2d 849, 854 (W.D. Wis. 2008). Thus, in deciding

2

plaintiffs' motion for summary judgment I have not considered any of plaintiffs' replies or responses supported by a citation to the January 19 Cicardo affidavit and its exhibits.

From the parties' proposed findings of fact and the record, I find that the following facts are undisputed and material to determining plaintiffs' motion for summary judgment.

## UNDISPUTED FACTS

### A.  Parties and Jurisdiction

Plaintiffs Thomas and Lori Cicardo are husband and wife and citizens of the state of Wisconsin.  Defendant Bruce Bryant is a citizen of the state of Texas.  Defendant Edward Van Der Molen is a citizen of the state of Illinois.  Plaintiffs are seeking a judgment in the amount of $554,000.00 plus interest at the rate of 10% from July 1, 2008, as well as attorney fees and costs.

### B.  The Van Der Molen Recreational Properties, Inc. Promissory Note

On May 1, 2007, plaintiffs lent $554,000.00 to Van Der Molen Recreational Properties, Inc.  In exchange for the loan, Van Der Molen Recreational Properties executed and delivered a promissory note to plaintiffs in the principal amount of $554,000.00, bearing interest at a rate of 9% per annum on the unpaid balance until paid.  Defendant Bryant was not a party to the promissory note and was not personally obligated to make

3

payments under the terms of the note.

Under the promissory note, interest on the outstanding principal became due and payable by Van Der Molen Recreational Properties on the first day of each month beginning June 1, 2007. The note contains an acceleration clause stating:

> In the event of (a) default in payment on any installment of principal or interest hereof as the same becomes due and such default is not cured within ten (10) days from the due date, or (b) default under the terms of any instrument securing this Note, and such default is not cured within fifteen (15) days after written notice to maker, then in either such event the holder may without further notice, declare the remainder of the principal sum, together with all interest accrued thereon and the prepayment premium, if any, at once due and payable.

First Lori Cicardo Aff., dkt. #7, exh. C. The note states that in the event of default, all amounts due under the note bear interest from the date of default until paid, at a rate of 10%. The note provides that "[it] is to be governed and construed in accordance with the laws of the State of Wisconsin." Defendant Van Der Molen signed an absolute and unconditional guaranty to plaintiffs, which secured the promissory note and guaranteed its payment.

### C. Defendant Bryant's Guaranty

In October 2007, defendant Van Der Molen told defendant Bryant that Bryant had to sign a guaranty on Van Der Molen Recreational Properties's promissory note because of a second mortgage on certain real estate Bryant was purchasing from Van Der Molen

4

Recreational Properties. On October 30, 2007, defendant Bryant signed an unconditional and absolute personal guaranty on the May 1, 2007 promissory note and had it delivered to plaintiffs. The guaranty states in relevant part:

> For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and to induce [plaintiffs] . . . to make loans or extend other accommodations to or for the account of Van Der Molen Recreational Properties, Inc. . . . [defendant Bryant] hereby absolutely and unconditionally guarantees to [plaintiffs] the full and prompt payment when due, whether at maturity or earlier by reason of acceleration or otherwise, of the debts, liabilities and obligations described as follows:
>
> . . .
>
> [Plaintiffs] in the amount of $554,000.00 as evidence by promissory note dated May 1, 2007.
>
> . . .
>
> 2. This is an absolute, unconditional and continuing guaranty of payment of the indebtedness . . . .
>
> . . .
>
> 4. The liability of [defendant Bryant] hereunder shall be limited to a principal amount of $ unlimited . . . .
>
> 5. [Defendant Bryant] will pay or reimburse [plaintiffs] for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by [plaintiffs] in connection with the protection, defense or enforcement of the guaranty in any ligation or bankruptcy or insolvency proceedings.
>
> 6. Whether or not any existing relationship between the [defendant Bryant] and [Van Der Molen Recreational Properties] has been changed or ended and whether or not the guaranty has been revoked, [plaintiffs] may, but shall not be

5

>   obligated to, enter into transactions resulting in the creation or continuance of indebtedness, without any consent or approval by [defendant Bryant] and without any notice to [defendant Bryant]. The liability of [defendant Bryant] shall not be affected or impaired by any of the acts or things (which [plaintiffs are] expressly authorized to do, omit or suffer from time to time, both before and after revocation of this guaranty, without notice to or approval by [defendant Bryant]): . . . (ii) any one or more extensions or renewals of indebtedness (whether or not for longer than original period) or any modification of the interest rate, maturities or other contractual terms applicable to any indebtedness; . . .

First Lori Cicardo Aff., dkt. #7, exh. E.

### D.  Amending the Van Der Molen Recreational Properties, Inc. Promissory Note

On June 1, 2008, Van Der Molen Recreational Properties executed and delivered an amended promissory note to plaintiffs. The amended note reaffirmed the terms of the original note, except it reduced the interest rate on the $554,000.00 principal to 6% per annum on the unpaid balance until paid, extended the note's maturity date from November 30, 2008 to November 1, 2010 and provided that the note would become immediately due and payable upon the refinancing of any mortgage on the pertinent property. Interest on the outstanding principal of the amended note was due and payable monthly on the first day of each month beginning on June 1, 2008. Defendant Bryant was unaware of the amendment of the promissory note and did not consent to it.

On July 1, 2008, August 1, 2008 and September 1, 2008, Van Der Molen Recreational Properties failed to make the required monthly interest payments in accordance

6

with the amended note.  On September 19, 2008, plaintiffs served Van Der Molen Recreational Properties and defendants Van Der Molen and Bryant with a notice of default, which identified the payments due and demanding such payments.  The default was not cured within fifteen days.

Plaintiffs then declared the outstanding principal and all interest accrued immediately due and payable and demanded that defendants Van Der Molen and Bryant pay the entire amount of Van Der Molen Recreational Properties' indebtedness in accordance with the amended promissory note and their guaranties.  Defendants Van Der Molen and Bryant refused to pay the outstanding principal and accrued interest on the amended promissory note.

### E.  Money Plaintiff is Owed

As of October 30, 2008, the balance due on the amended promissory note was the principal amount of $554,000.00, plus interest at a rate of 10% from July 1, 2008 to the date of when the principal is paid, accruing at $151.78 each day.  As of October 30, 2008, the total interest owed was $18,403.40.  As of October 30, 2008, plaintiffs had incurred $12,452.65 in attorney fees and costs for word done by DiMonte & Lizak and $1,311.09 in attorney fees and costs for work done by Michael Best & Friedrich.

OPINION

A. Summary Judgment Standard

Under Fed. R. Civ. P. 56, summary judgment is appropriate "when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Goldstein v. Fidelity & Guaranty Insurance Underwriters, Inc., 86 F.3d 749, 750 (7th Cir. 1996) (citing Fed. R. Civ. P. 56); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The district judge's function in a summary judgment motion "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Additionally, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. at 248. Furthermore, all reasonable inferences from undisputed facts should be drawn in favor of the nonmoving party. Baron v. City of Highland Park, 195 F.3d 333, 338 (7th Cir. 1999).

However, the nonmoving party cannot simply rest upon the pleadings once the moving party has made a properly supported motion for summary judgment; instead the nonmoving party must submit evidence to "set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). At that point, it becomes the nonmoving party's burden to demonstrate that there is a genuine issue of material fact, that is, that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for

8

that party." <u>Anderson</u>, 477 U.S. at 249.

### B. Choice of Law

The parties assume that Wisconsin law governs this dispute, as expressly provided in both the initial and amended promissory notes. I will follow the parties' lead and make the same assumption. <u>FutureSource LLC v. Reuters Ltd.</u>, 312 F.3d 281, 283 (7th Cir. 2002) (in absence of any discussion of choice of law issues by parties, court applies law of forum state).

### C. Breach of Guaranty Claim

Under Wisconsin law a guaranty is a contract. <u>Harris v. Metropolitan Mall</u>, 112 Wis. 2d 487, 503, 334 N.W.2d 519, 527 (1983). Accordingly, "an action to enforce the liability of the guarantor must be in the form of an action for damages for a breach of the contract of guaranty . . . ." <u>Continental Bank & Trust Co. v. Akwa</u>, 58 Wis. 2d 376, 387, 206 N.W.2d 174, 180 (1973). A breach of contract claims consists of three elements: "(1) the existence of a contract creating obligations flowing from defendant to plaintiff; (2) a breach of those obligations; and (3) damages from the breach." <u>Uebelacker v. Paula Allen Holdings, Inc.</u>, 464 F. Supp. 2d 791, 801 (W.D. Wis. 2006) (citing <u>Northwestern Motor Car, Inc. v. Pope</u>, 51 Wis. 2d 292, 296, 187 N.W.2d 200, 203 (1971)); <u>see also</u> <u>Brew City</u>

9

Redevelopment Group, LLC v. The Ferchill Group, 2006 WI App 39, ¶11, 289 Wis. 2d 795, 807, 714 N.W.2d 582, 588, aff'd, 2006 WI 128, 297 Wis. 2d 606, 724 N.W.2d 879. As the parties bringing the breach of guaranty claim, plaintiffs have the burden of proving all three elements.

1.  The guaranty contract

a.  Consideration

A guaranty is a contract "'to become responsible for the fulfillment of an agreement of another, to secure, to answer for the debt, default, or miscarriage of another.'" Klein-Dickert Oshkosh, Inc. v. Frontier Mortgage Corp., 93 Wis. 2d 660, 668, 287 N.W.2d 742, 746 (1980) (quoting Mann v. Erie Manufacturing Co., 19 Wis. 2d 455, 459, 120 N.W.2d 711, 714 (1963)). Because a guaranty is a contract, "[t]he rules governing the construction of contracts apply." Harris, 112 Wis. 2d at 503, 334 N.W.2d at 527. A contract has three elements, "an offer, an acceptance, and consideration." Kamikawa v. Keskinen, 44 Wis. 2d 705, 710, 172 N.W.2d 24, 26 (1969).

The parties do not deny that there was an offer and acceptance; defendant Bryant signed and transmitted the guaranty to plaintiffs and plaintiffs accepted it. The dispute lies in whether there was consideration given for the guaranty. Plaintiffs contend that there was consideration; defendant contends that there was not. I agree with plaintiffs and conclude

that a valid guaranty contract existed between plaintiffs and defendant Bryant.

When a guarantor is guaranteeing the payment of an existing indebtedness, "there must be a new consideration moving either to the maker or the guarantor of a note, or to both, or a detriment to the payee of the note, in order to give validity to [the guaranty.]" In re Menzner's Estate v. Marathon County Bank, 189 Wis. 340, 341, 207 N.W. 703 (1926). Defendant Bryant was guaranteeing the payment of Van Der Molen Recreational Properties' existing indebtedness to plaintiffs; the guaranty was entered into six months after Van Der Molen Recreational Properties issued the promissory note to plaintiffs. Therefore, the guaranty required new consideration, something other than the consideration for the underlying promissory note.

Plaintiffs' proof of new consideration is the language in the guaranty itself, which states, "For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged . . . ." Defendant Bryant contends that plaintiffs' proof fails because there is no evidence of any actual consideration given at the time the guaranty was executed. He misunderstands the law. The recitation of consideration in a guaranty raises "a rebuttable presumption that consideration for the guaranty had in fact been given." In re Estate of Mingesz v. Kieffer, 70 Wis. 2d 734, 739, 235 N.W.2d 296, 299 (1975). Because the guaranty contains language raising a rebuttable presumption that consideration was given, defendant has the burden of adducing facts from which a reasonable jury could find the

11

presumption rebutted. Plaintiffs do not have to provide evidence of *actual* consideration until defendant Bryant provides sufficient evidence to rebut the presumption. Defendant has failed to satisfy his burden.

Defendant Bryant's evidence that no consideration was given is nothing more than his assertion that he "received no consideration from Plaintiffs . . . at the time that he signed a guaranty in favor of Plaintiffs." Def. Bryant's Additional Prop. Facts, dkt. #30, at 10 ¶ 30 & 11 ¶ 34. Defendant asserts further that he signed the guarantee on the basis of the representation by defendant Van Der Molen that the guaranty "was required as the result of a second mortgage on certain real estate being purchased by one of Bryant's entities from [Van Der Molen Recreational Properties]." Id. at 11 ¶ 33. These statements do not rebut the presumption that consideration for the guaranty had in fact been given to defendant Bryant.

To defeat any motion for summary judgment, the non-movant must submit evidence to "set out *specific facts* showing a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). The statement that defendant Bryant did not receive consideration is not a specific fact but rather a conclusory legal statement insufficient to establish a genuine issue of material fact.

Even assuming that defendant Bryant's statement could be read as a fact that he did not receive a benefit from signing the guaranty, it would not be of much help to him.

12

Consideration is not limited to a benefit given to the guarantor; it can take the form of some injury or loss to plaintiffs. Consideration for a guaranty exists "where there is a benefit to the promisor or the person whose account is guaranteed or some injury or loss to the promisee." May Tire & Service v. Sinclair Refining Co., 240 Wis. 260, 264, 3 N.W.2d 347, 350 (1942) (citations omitted). Because there is a presumption that consideration was given, it is defendant Bryant's burden to prove that no consideration was given in any form.

Moreover, when defendant Bryant says that he was told he needed to sign the guaranty because of a second mortgage on property that was being purchased by one of his companies, he supplies evidence of consideration. Although the details of the transaction between one of defendant Bryant's companies and Van Der Molen Recreational Properties are not clear, it appears that the guaranty was at least presented as necessary for a transaction that might provide some benefit to Bryant's company or to Van Der Molen Recreation Properties. If either company received a benefit, it would suffice as consideration. May Tire & Service, 240 Wis. at 264, 3 N.W.2d at 350. Defendant Bryant has not provided further specific facts to show that the "transaction" between his company and Van Der Molen Recreational Properties did not provide either company with a benefit. The omission is fatal to his defense.

In sum, plaintiffs have established a rebuttable presumption that defendant Bryant signed the guaranty for consideration. Defendant Bryant has failed to adduce any evidence

13

from which a reasonable jury could determine that he has rebutted that presumption. Thus, plaintiffs have satisfied their burden on the first element of their breach of guaranty claim by proving that there was a valid guaranty contract between plaintiffs and defendant Bryant.

b. Modification of the promissory note

The next question is whether defendant Bryant should be released from the guaranty because the promissory note he guarantied was amended without his consent, approval or knowledge. This question is answered by the terms of the guaranty itself, which provides that Bryant's signature operated as an express authorization to plaintiffs to modify the terms of the promissory note without Bryant's notice or approval.

The amended promissory note altered the original promissory note in three ways: (1) it extended the loan's maturity date from November 30, 2008 to November 1, 2010; (2) it reduced the normal interest rate from 9% to 6%; and (3) it provided that the note would become immediately due and payable upon the refinancing of any mortgage on the pertinent property. The guaranty defendant Bryant signed states in relevant part

> This is an absolute, unconditional and continuing guaranty of payment of the indebtedness . . . .
>
> . . .
>
> [Plaintiffs] may . . . enter into transactions resulting in the creation or continuance of indebtedness, without any consent or approval by [defendant Bryant] and without

14

any notice to [defendant Bryant]. The liability of [defendant Bryant] shall not be affected or impaired by any of the acts or things (which [plaintiffs are] *expressly* authorized to do, omit or suffer from time to time, both before and after revocation of this guaranty, without notice to or approval by [defendant Bryant]): . . . (ii) any one or more extensions or renewals of indebtedness (whether or not for longer than original period) or any modification of the interest rate, maturities or other contractual terms applicable to any indebtedness; . . .

Dkt. #7, exh. E. (Emphasis added).

Defendant Bryant does not discuss or even mention the guaranty's language. Instead, he contends that the guaranty must be construed in his favor. That contention would be correct if the guaranty's language were ambiguous. Vandervest v. Kauffman Pizza, Inc., 60 Wis. 2d 230, 244, 208 N.W.2d 428, 435 (1973). An examination of the guaranty's language establishes that it is not ambiguous. Defendant Bryant does not even attempt to identify any specific language that he believes is ambiguous. The plain and unambiguous language in the guaranty establishes that defendant Bryant waived any right to be notified about any later modification of the promissory note.

In further support of his contention that he should be released from the guaranty, defendant points to the general rule that "a surety for the performance of a contract or obligation is discharged if such contract or obligation be materially changed without his consent." Sage v. Strong, 40 Wis. 575, 1876 WL 7022, at *2 (1876). This general rule "does not apply where the suretyship or guaranty agreement itself permits the modification of the underlying obligation." 23 Samuel Williston & Richard A. Lord, A Treatise on the

15

Law of Contracts, § 61:31 at 105 (4th ed. 2002). In other words, a guarantor can consent implicitly to post-guaranty modifications of the principal's underlying indebtedness by executing an explicit waiver of his right to notice or approval of such modifications in the language of the guaranty agreement. E.g., John Deere Co. v. Babcock, 89 Wis. 2d 672, 676, 278 N.W.2d 885, 886 (1979) (court gave effect to guaranty agreement's clause waiving notice of successive extensions of credit); see generally, Lakeshore Commercial Finance Corp. v. Drobac, 107 Wis. 2d 445, 455, 319 N.W.2d 839, 844 (1982) (court declined to impose guarantor's obligation on past terms that had been materially changed without guarantor's consent because the guaranty lacked "explicit language" extending guarantor's obligation to such changes) and Gritz Harvestore, Inc. v. A.O. Smith Harvestore Products, Inc., 769 F.2d 1225, 1232 (7th Cir. 1985) (applying Wisconsin law, court held that guarantor was not liable for debts occurred after dealership was terminated, noting that "nothing in the guaranty states explicitly or even suggests that the appellant was to be held liable" for such debts); see also Restatement (First) of Security § 129 comment e (1941) ("It should be observed that in certain cases especially those involving compensated sureties, an interpretation of the terms of the contract justifies the conclusion that the surety has consented to reasonable extensions or other modifications of the duty of the principal.").

The general rule does not apply in this case for two reasons. First, there is a presumption that defendant Bryant received consideration for the guaranty, making him a

16

compensated guarantor. Gritz Harvestore, Inc., 769 F.2d at 1229 (applying Wisconsin law, and holding that "any guarantor who receives consideration for executing the guaranty is considered to be compensated"). As a compensated guarantor, defendant Bryant does not receive more lenient treatment regarding the effect of his guaranty. Id. at 1231. Second, the guaranty has explicit language authorizing modification of the underlying promissory note without any notice to or approval from the guarantor. By signing and agreeing to it, defendant Bryant gave his implicit consent to plaintiffs' future modification of the note without notice, whether the modification included extending the note's maturity date, lowering the interest rate or modifying default terms.

Defendant Bryant has failed to adduce evidence from which a jury could determine that he should be released from the guaranty because of the modification of the underlying promissory note. He raises no other issues regarding the enforceability or validity of the guaranty. Therefore, he has failed to establish any genuine issue of material fact about the enforceability or validity of the guaranty contract between plaintiffs and himself.

2. Breach of the guaranty and damages

In addition to proving the existence of a valid guaranty contract, plaintiffs have the burden of proving that defendant Bryant breached his obligations under the guaranty and that they suffered damages from the breach. Uebelacker, 464 F. Supp. 2d at 801. Plaintiffs

17

have satisfied this burden.

It is undisputed that Van Der Molen Recreational Properties defaulted on the June 1, 2008 promissory note when it failed to make the required monthly interest payments in accordance with the note and that despite being served with a notice about Van Der Molen Recreational Properties' default, defendant Bryant failed to cure the default within fifteen days. Plaintiffs then declared the outstanding principal and all interest accrued due and payable immediately and demanded that defendant Bryant pay the entire amount of Van Der Molen Recreational Properties' indebtedness in accordance with the amended promissory note and his guaranty. Defendant Bryant's refusal to pay the outstanding principal and accrued interest on the promissory note was a breach of his unconditional guaranty to provide plaintiffs full and prompt payment of the note when it became due.

With respect to damages, plaintiffs request the principal and accrued interest on the promissory note as well as the costs and expenses, including reasonable attorney fees incurred in enforcing the guaranty, all of which are allowable damages under the guaranty. D.L. Anderson's Lakeside Leisure Co. v. Anderson, 2008 WI 126, ¶ 93, 757 N.W.2d 803, 822 ("[P]arties are entitled to attorney fees under contract only where language clearly and unambiguously so provides.") (internal quotation omitted). Defendant Bryant does not dispute the damages amounts, which include the principal amount of $554,000.00 plus interest accruing at $151.78 each day since Van Der Molen Recreational Properties

18

defaulted on the loan on July 1, 2008 until judgment is entered. As for attorney fees and costs, plaintiffs have established the undisputed amount of $13,763.74 as of October 31, 2008, but it is not clear what fees and costs plaintiffs have incurred since then. Plaintiffs will have until April 6, 2009 to file their itemized request for their reasonable attorney fees, expenses and costs expended from October 31, 2008 to April 6, 2009. Defendant Bryant will have until April 17, 2009 in which to respond to plaintiffs' filing.

In conclusion, plaintiffs have proved that there are no genuine issues of material fact and they are entitled to judgment as a matter of law with respect to their breach of guaranty claim.

ORDER

IT IS ORDERED that:

1. The motion for summary judgment filed by plaintiffs Thomas A. Cicardo and Lori L. Cicardo, dkt. #4, is GRANTED; plaintiffs are entitled to judgment against defendant Bruce Bryant as follows:

    a. The amount of $554,000.00 plus interest accruing at $151.78 each day since July 1, 2008 until judgment is entered; and

    b. All reasonable attorney fees, expenses and costs incurred in prosecuting this case.

2. The clerk of court is directed to delay entering judgment until the attorney fees, expenses and costs has been determined. Plaintiffs have until April 6, 2009 to file their request for their reasonable attorney fees, expenses and costs incurred between October 31, 2008 and April 6, 2009. Defendant Bryant will have until April 17, 2009 in which to respond to plaintiffs' amount.

3. Plaintiffs' motion for judicial notice, dkt. #47, is DENIED as unnecessary.

Entered this 19th day of March, 2009.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge