IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS A. CICARDO and
LORI L. CICARDO,

                                                   ORDER

                    Plaintiffs,

                                                   08-cv-606-bbc

    v.

EDWARD VAN DER MOLEN and
BRUCE BRYANT,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary relief in which plaintiffs Thomas and Lori Cicardo allege that defendants Edward Van Der Molen and Bruce Bryant breached personal guaranties. On March 19, 2009, I granted plaintiffs' motion for summary judgment, dkt. #57, and ordered that judgment be entered against defendant Bryant. However, I delayed entering judgment until plaintiffs submitted the proposed amounts of the attorney fees, expenses and costs that they incurred between October 31, 2008 and April 6, 2009. I also provided defendant Bruce Bryant an opportunity to respond to plaintiffs' submission. Plaintiffs submitted their proposed amounts, dkt. #58, but defendant Bryant did not submit any response. Accordingly, plaintiffs' proposed amounts are accepted as reasonable and

1

plaintiffs are entitled to those amounts.

Plaintiffs also filed a Fed. R. Civ. P. 54(b) motion to enter final judgment against defendant Bryant although plaintiffs' claims against defendant Van Der Molen have not been resolved. Dkt. #64. Plaintiffs have been prevented from pursuing their claims against defendant Van Der Molen because he filed for Chapter 11 bankruptcy on November 26, 2008. Rule 54(b) allows entry of judgment against a party against whom all claims have been resolved even when claims against other parties remain. The party seeking final judgment must show that there is no just reason for delay. In this case there is no just reason to delay entering judgment against defendant Bryant while defendant Van Der Molen is in bankruptcy. Plaintiffs' motion will be granted. However, there is no reason to keep this case open against defendant Van Der Molen since the bankruptcy may dispose of the entire case against him. Thus, I will also dismiss plaintiffs' claims against defendant Van Der Molen without prejudice.

ORDER

IT IS ORDERED that:

1. The clerk of court enter judgment in favor of plaintiffs Thomas and Lori Cicardo against defendant Bruce Bryant in the amount of $554,000.00 plus interest accruing at $151.78 each day since July 1, 2008 until judgment is entered and an additional $49,885.44

for attorney fees and costs;

2.  Plaintiffs' motion to declare the judgment against defendant Bryant final, dkt. #64, is GRANTED and the judgment entered against defendant Bryant will be a final judgment under Fed. R. Civ. P. 54(b);

3.  Because the proceedings in bankruptcy may dispose of the remaining claims against defendant Edward Van Der Molen, IT IS ORDERED that those claims are DISMISSED without prejudice, subject to the condition that this order of dismissal shall be vacated in the event that the bankruptcy proceeding is terminated without disposing of the rights of the parties in this case, or a timely request is made by either party that this order to dismiss without prejudice be vacated, or for any other reason necessary to prevent manifest injustice.  In the event that this order of dismissal is vacated, the parties shall have all such rights as if this case had not been dismissed;

4.  The clerk of court is directed to close this case.

Entered this 22nd day of April, 2009.

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge